RANKEN and others *vs.* DEFOREST & CHITTENDEN.

Where goods were purchased of the plaintiffs by C., as agent for the defendants, he informing the plaintiffs of his agency, at the time, and offering them the liability of the defendants; but the plaintiffs *preferred* to take C.'s own note, and *agreed* that he should be the purchaser, and C. gave his note, accordingly; and the goods were charged to him on the books of the plaintiffs; *Held*, that he defendants were not liable for the value of the goods

APPEAL by the plaintiffs from a judgment entered at a special term, in favor of the defendants, upon the report of a referee. The complaint alleged that the plaintiffs were partners, merchants and traders, doing business in the city of New-York, under the name, style and firm of Smith, Thurgar & Co.; that in August, 1848, the defendants, William H. Deforest. and Nathaniel Chittenden, who were also merchant copartners, trading and doing business, among other places, at New Orleans, purchased of the plaintiffs a quantity of dry goods and other merchandise, to the amount of $765.20, through one Anning S. Chittenden, who then and for a considerable period before and after acted as their general agent, more particularly for the purchasing of such merchandise as they required for their aforesaid business at the city of New Orleans, for which purpose said Anning S. Chittenden kept an office in the city of New-York, and purchasing ostensibly for the said William H. Deforest and Nathaniel Chittenden, usually for the purpose of facilitating their business, and conforming to the usages of trade by giving what is termed city paper, gave the plaintiffs, on purchasing said goods and merchandise, a note, of which the following is a copy:

" $765.20. New-York, August 29th, 1848.

Eight months after date, I promise to pay to the order of Smith, Thurgar & Co., seven hundred and sixty-five $\frac{20}{100}$ dollars, value received. A. S. CHITTENDEN."

That said note became due and payable on the second day of May, 1849, and that payment thereof was duly demanded of said Anning S. Chittenden, who did not pay the same, and that said note remained unpaid and continued in the possession

of the plaintiffs as worthless ; said Anning S. Chittenden hav-
ing absconded from the city to parts unknown, without leaving
any property in his said office.   That the said goods were ship-
ped hence by the plaintiffs per the " Martha J. Ward," bound to
said city of New Orleans, addressed to the defendants, and after-
wards safely arrived there, and were delivered to them.   Where-
fore the plaintiffs demanded judgment against the defendants for
said sum of $765.20, with interest and costs.

The defendants, by their answer, denied that they purchased
of the plaintiffs any dry goods or other merchandise mentioned
in the complaint.   They admitted that Anning S. Chittenden
was their general agent, before and after that period, for the pur-
chasing of such merchandise as they required, and that the said
Anning kept an office in the city of New-York ; but they de-
nied that he kept an office there exclusively or ostensibly for
that agency.   And they denied that the said Anning S. Chit-
tenden gave the note mentioned in the complaint for the purpose
of facilitating the business of the defendants, or of conforming
to the usages of trade by giving city paper.   The defendants
averred that the said Anning S. Chittenden bought said goods
on his own responsibility, and not on the responsibility of the
defendants.   That the said Chittenden was well known in the
city of New-York generally, and particularly to the plaintiffs,
of whom he had before that time purchased goods in his own
name, and on his own responsibility, for the defendants, which
the plaintiffs well knew ; and the said Anning S. Chittenden
was reputed and known in said city of New-York, and to the
plaintiffs, as a person of large wealth and pecuniary responsi-
bility, and the defendants were unknown to the plaintiffs, except
as the persons for whom said goods were purchased by said An-
ning S. Chittenden.   The defendants alleged that Chittenden
informed the plaintiffs, at the time he purchased said goods,
that he was purchasing the same for the defendants ; that the
plaintiffs agreed that Chittenden should be the purchaser of
said goods mentioned in the complaint, and that the said Anning
should give his liability therefor, and not the liability of the
defendants.  That Chittenden thereupon purchased said goods and

gave his own note therefor, which was accepted and received by the plaintiffs in payment of the said goods and merchandise sold to him, which said note was particularly mentioned and set forth in the complaint. The defendants further alleged that they had settled with said Anning S. Chittenden, and fully paid him for said goods and merchandise before the commencement of this suit against them.

The plaintiffs' reply to the defendants' answer was as follows : First. That the said Anning S. Chittenden did not purchase the goods set forth in the plaintiffs' complaint exclusively on his responsibility, but that they were purchased by order and direction and for the defendants' own account. Second. They admitted that said Anning S. Chittenden, in said answer named, was reputed to be a person of large wealth and pecuniary responsibility, but denied that he was such, and stated that he fraudulently represented and led persons to believe him such. They admitted that said Chittenden, as the defendants' agent, did purchase other merchandise from them on account of the defendants, but alleged that the defendants were liable to the plaintiffs therefor. Third. The plaintiffs denied that their own knowledge of the defendants was that they were the persons for whom said goods were purchased by said Anning S. Chittenden. Fourth. The plaintiffs admitted that A. S. Chittenden informed them, at the time of the purchase of the merchandise in the plaintiffs' complaint set forth, that he was purchasing the same for the defendants, but denied that they released, or intended to release, the liability of the defendants ; and stated that they took the note of Chittenden, as set forth in their complaint, and that they did not receive said note in payment, and that no payment had ever been made thereon. The plaintiffs, not having any knowledge as to whether the defendants made any settlement or payment with, or to, said Chittenden for said merchandise, denied that they had done so.

The cause being thus at issue, was referred to the Hon. Michael Ulshoeffer, as sole referee therein, to hear and determine the same. On the hearing before the referee, the plaintiffs introduced in evidence the deposition of Anning S. Chittenden,

which had been previously taken *de bene esse*, and which was admitted by the counsel of the respective parties as evidence in the cause. He testified that the defendants were doing business in New Orleans as merchants, in 1848, and they so continued up to last spring; that he made a purchase of the plaintiffs in the summer of 1848 of between $700 and $800 in amount, and gave the plaintiffs his note for the amount. Being shown the note set out in the complaint, he testified that he believed that note to be a copy of the one given by him for said purchase; that he informed the plaintiffs the goods were purchased for Deforest & Co. of New Orleans, (the defendants herein,) and directed the goods to be shipped to them at that place; that he offered them the liability of Deforest & Co. at the time of the purchase, and they preferred to take the witness' note, and he accordingly gave it to them; that he bought the goods on the order of the defendants; they (the defendants) wrote to him for certain kinds of goods, and the witness found the goods at the house of the plaintiffs, and bought them there. He told them, at the time of the purchase, that they could have the draft of Deforest & Co. on him for the goods if they would wait until the invoice arrived out at New Orleans, or they could have his, the witness' note, and they preferred to take his note, and he accordingly gave it to them. The witness further testified, that he stopped payment in March or April, 1849; that the principal cause of his stopping was the failure of the defendants to remit funds to him; that the defendants did not remit specially for any particular debt; no special amount was sent for the plaintiffs; this account had been paid to him by the defendants; it was paid him by his crediting them in his account for funds remitted by the defendants.

The plaintiffs offered to cancel the promissory note of Anning S. Chittenden, mentioned in the complaint, and rested their case. The defendants offered in evidence a receipt, of which the following is a copy:

" Received, New-York, Sept. 12th, 1848, from Mr. A. S.

Chittenden, his note, at 8 months, dated Aug. 29th, for seven hundred and sixty-five $\frac{20}{100}$ dollars, for bill same date.

$765$\frac{20}{100}$.                    (Signed,)

SMITH, THURGAR & Co.

Per T. Newton."

Which receipt was admitted by the plaintiffs' counsel; and the counsel for the defendants also read in evidence a stipulation signed by the attorney for the plaintiffs, in which it was further admitted, that the goods mentioned in the complaint were charged to A. S. Chittenden on the books of account of the plaintiffs, and not charged to the defendants. The referee reported in favor of the defendants.

*W. H. Leonard,* for the plaintiffs.

*S. B. Noble,* for the defendants.

*By the Court,* MITCHELL, J.   The plaintiffs alledge that the defendants bought goods of them, through Anning S. Chittenden. This the defendants deny; and they say that he bought these goods on his own responsibility, and not on the responsibility of the defendants ; and that he was known to the plaintiffs and reputed to be of great wealth, and that the defendants were unknown to the plaintiffs, except as the persons for whom A. S. Chittenden was purchasing; that he informed the plaintiffs, when he was purchasing, that he was purchasing for the defendants, and that the plaintiffs agreed that he should be the purchaser of the goods, and give his liability for the same, and not the defendants ; that he thereupon purchased the goods, and gave his own note for them, which was received in payment, and that the defendants have since paid him for the goods. The plaintiffs in their reply do not deny all these allegations ; and so admit that the goods were bought on the responsibility of A. S. Chittenden, in part.   They expressly admit that A. S. Chittenden told them, at the time of the purchase, " that he was purchasing the goods for the defendants ;" and by not denying, they admit, this allegation that *the plaintiffs agreed " that he*

*should be the purchaser of the goods, and give his liability for the goods, and not the defendants;*" for that is not denied in the allegation that the goods were not purchased exclusively on A. S. Chittenden's responsibility, but were purchased by order and direction and for the defendants' own account. This last is only to allege an undisputed fact, that A. S. Chittenden, whether he bought for himself or only as agent, bought for the defendants, and to remit to them, and by their order.

This admission that the plaintiffs *agreed* that A. S. Chittenden should be the purchaser of the goods, precludes the idea of the defendants being the purchasers, and establishes that although A. S. Chittenden bought for the defendants, yet that as between him and the plaintiffs—the only contracting parties—the only buyer and seller were A. S. Chittenden in his own right and liability, and the plaintiffs : and this is confirmed when it is added, and not denied, that it was agreed that he should give his liability for the goods, and *not* the defendants. If this was so, the defendants were not to be liable. A. S. Chittenden was a witness, and confirms this. He says he informed the plaintiffs that the goods were purchased for the defendants, and that he offered them the *liability* of the defendants at the time, and they *preferred* to take his note, and he accordingly gave it ; that he told them, at the time of the purchase, they could have the draft of the defendants on him, for the goods, if they would wait until the invoice arrived out at New Orleans where the defendants resided ; or they could have his note, and they preferred to take his note, and he gave it, accordingly. The plaintiffs also admitted that the goods were *charged* to A. S. Chittenden, on their books, and not to the defendants. This clearly shows that the plaintiffs had their election whether they would sell the goods to A. S. Chittenden, or to the defendants, and they elected to sell them to Chittenden, and not to the defendants ; and that, in pursuance of that election they took his note, and looked to him alone, and charged the goods to him alone. It does not raise the question of law whether an agent giving his note for goods purchased by his principals, through him, makes him alone, and

not the principals, liable, if he discloses the names of the principals, at the time. In this the case differs entirely from *Porter* v. *Talcott*, (1 *Cow.* 359,) and *Muldon* v. *Whitlock*, (*Id.* 290.) The judgment must be affirmed, with costs.

NEW-YORK GENERAL TERM, June 1, 1854. *Mitchell, Roosevelt* and *Clerke,* Justices.]